UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| LEON HOUSTON | * | CIVIL ACTION NO.  09-2158 |
| VERSUS | * | JUDGE TOM STAGG |
| MICHAEL J. ASTRUE, COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | * | MAGISTRATE JUDGE HAYES |

### REPORT AND RECOMMENDATION

In connection with plaintiff's requests to reconsider the denial of his motion for appointment of counsel, the undersigned has twice cautioned him that he must serve the government in accordance with Federal Rule of Civil Procedure 4(I), and that the un-excused failure to perfect and file a return of service within 120 days after filing suit may result in dismissal of his case pursuant to Federal Rule of Civil Procedure 4(m) and Local Rule 41.3W. *See* February 9, and March 13, 2010, Mem. Orders [doc. #s 8 & 10].  It is now more than 120 days since plaintiff filed suit.  However, there is no indication in the record that the government has been served, nor has plaintiff explained to the court his failure to serve the government.

### Law and Analysis

In the absence of good cause, the Federal Rules of Civil Procedure provide for dismissal of an unserved defendant when, as here, service is not perfected within 120 days after suit is filed.  Fed.R.Civ.P. 4(m).  In the case *sub judice*, plaintiff neither provided any explanation for the improper service, nor requested an extension of time to properly perfect service. Accordingly, good cause is lacking.[1]

---

[1] "To establish good cause, a litigant must demonstrate 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'" *Systems Signs Supplies, supra*.  Moreover, "the

The undersigned further observes that to the extent the applicable statute of limitations may bar plaintiff from re-filing the instant suit, then dismissal at this juncture effectively will constitute dismissal "with prejudice," – "an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted).  Dismissal with prejudice for failure to prosecute or to comply with a court order is warranted only where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *See Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations and internal quotation marks omitted).  In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors:  "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id*.

The undersigned finds that the requirements for a dismissal with prejudice are satisfied in this case.  As discussed above, plaintiff has ignored repeated court orders.  Furthermore, plaintiff is proceeding in forma pauperis, and thus likely does not enjoy sufficient means to fund a lesser, monetary sanction.  Moreover, dismissal of the case may be the least sanction where, as here, plaintiff is not actively pursuing his cause of action.  Finally, plaintiff's unrepentant flaunting of

---

claimant must make a showing of good faith and establish 'some reasonable basis for noncompliance within the time specified.'" *Id.* (quoting 4A C. Wright & A. Miller, Federal Practice and Procedure § 1165, at 480 (2d ed. 1987)).

While the court is acutely aware of plaintiff's *pro se* status, "'the right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

court orders[2] reflects his own contumaciouness or "stubborn resistance to authority"[3] which is personally attributable to him as a pro se litigant.  Accordingly,

**IT IS RECOMMENDED** that plaintiff's suit be **DISMISSED**.  LR 41.3W, Fed.R.Civ.P. 4(m).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 10th day of May 2010.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

[2] This report and recommendation itself provides plaintiff with further notice of his non-compliance.

[3] *See Millan, supra*.

3